BROWN *v.* TOLER.

Opinion delivered April 15, 1899.

1. SCHOOL LAND—SALE—WHEN PAYMENT IMMEDIATE.—Under Sand, & H. Dig. § 7119, providing that if any bidder at a sale of sixteenth section land "shall fail to perfect his bid by paying the cash, the collector shall immediately resell the land," a finding that payment was made immediately after the sale will be supported by proof that the highest bidder, with the collector's consent, went off and procured the money, and, within an hour after the land was struck off to him, paid it to the collector before he had finished preparing the certificate of sale. (Page 362.)

2. SAME—WHO MAY OBJECT TO SALE.—One who is not an inhabitant of the township or county in which sixteenth section school lands are situated cannot object to the regularity of a sale of such lands. (Page 363.)

Appeal from Grant Circuit Court.

ALEXANDER M. DUFFIE, Judge.

STATEMENT BY THE COURT.

The appellee, E. B. Toler, sheriff and collector of Grant county, sold at public sale a portion of the sixteenth section or school land in said county. The only bidders at the sale were appellant, Brown, and one Gates, who bid for the Haywood Lumber Company. The lands were struck off and sold to Gates, as agent for such company, for the sum of $1,780, that being the highest bid offered. Gates did not pay for the land so soon as it was struck off to him, but while the collector was preparing the certificate of purchase he went off and procured the money, and in about one hour returned, and paid it to the collector before the collector had finished preparing such certificate. During Gates' absence Brown tendered the amount of his first bid $840 to the collector, and insisted that he be declared the purchaser, but the collector refused to accept it. When the collector reported the sale to the county court, Brown appeared, was made a party to the proceedings, filed objections and exceptions to the report, and asked that he be declared the purchaser, and that the collector be required to deliver him certif-

icates of purchase for the land. His exceptions were over-
ruled, and he appealed to the circuit court. He did not amend
his exceptions in any way, but introduced evidence, and en-
deavored to show to the circuit court that there had been no
petition filed for the sale of the land, and that the collector had
no authority to sell. The circuit court gave judgment against
him, and he appealed.

*Wood & Henderson,* for appellant.

There was no lawful petition for the sale of school lands,
because: (1) Said petition was signed by a majority only of
the "voters" of the township, whereas the statute says it shall
be signed by "a majority of the male inhabitants," which would
include minors. Webst. Dict. "Inhabitants;" 132 Mass. 89,
S. C. 42 Am. St. Rep. 424; 103 U. S. 694; 36 Ark. 178; 40
Ark. 290; 56 Ark. 110. (2) Said petition was presented to
the "sheriff," and not to the "collector." 37 Ark. 381; 33 Ark.
396; 31 Ark. 571, 574. Since appellee did not pay cash on
his bid, it should have been set aside, and the land re-sold.
Sand. & H. Dig. § 7119.

*Hill & Auten,* for appellee.

Appellant had no interest in this proceeding of the court,
and cannot urge any objection thereto. 22 Ark. 191; 44 *ib.*
225; 8 Am. St. Rep. 544; 40 La. Ann. 474. The burden is on
him who attacks an official act. 1 Jones, Ev. §§ 38-40; 116
Cal. 56; 92 Am. Dec. 526; 64 *ib.* 680; 85 *ib.* 428. The pe-
tition, signed by a majority of the adult male inhabitants, was
sufficient.

RIDDICK, J., (after stating the facts.) The petition and
exceptions filed by Brown in the county court raised the ques-
tion whether he was entitled to be declared the purchaser of
the lands, instead of Gates. His exception to the report on this
point was based on the fact that Gates did not at once pay for
the land so soon as it was struck off to him, but was allowed
by the collector about an hour to procure the money, and make
the payment. We see nothing in this exception. It is true
that the statute provides that sale shall be made for cash, and
that if any bidder fails to perfect his bid by paying the cash.

the collector shall immediately resell.    Sand. & H. Dig. § 7119. But whether the payment was made "immediately" was a question of fact to be determined by the circuit court in connection with the circumstances in proof.    The facts in this case are not such that we can say that the court erred in finding that the payment was made immediately, within the meaning of the statute.    Within an hour after the sale, and before the collector had finished preparing his certificate of purchase, the purchaser paid the money.    The meaning of the statute is that the payment shall be made promptly and without delay, and we think the court was justified in holding that it was so made in this case.    *Queen* v. *Justices of Berkshire,* 4 Q. B. Div. 469.

While Brown did not amend his petition and exceptions filed in the county court, he undertook on the trial in the circuit court to raise a question as to the authority of the collector to make the sale.    His exceptions not only do not raise such question, but he neither alleged nor proved that he was an inhabitant of the township or county in which the lands were situated.    So far as the record discloses, he had no interest in these lands, and no right to object to the sale by the collector.

We are therefore of opinion that the judgment of the court was right, and should be affirmed.    It is so ordered.